UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FCOA, LLC,

        Plaintiffs,

v.

FOREMOST TITLE & ESCROW SERVICES, LLC,

        Defendants.

CASE NO. _____

**(Jury Trial Requested)**

## VERIFIED COMPLAINT

Plaintiff, FCOA, LLC, sues Defendant, FOREMOST TITLE & ESCROW SERVICES, LLC, and alleges:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action for trademark infringement, dilution, unfair competition, unjust enrichment and antidilution under the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and the laws of the State of Florida.

2. This Court has jurisdiction pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, and 28 U.S.C. §1338.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business within the State of Florida.

### PARTIES

4. Plaintiff, FCOA, LLC ("FCOA"), is a Delaware limited liability company with is principal place of business at 5600 Beach Tree Lane, Caledonia, Michigan 49316.

5. Defendant, FOREMOST TITLE & ESCROW SERVICES, LLC ("Foremost Title"), is a Florida limited liability company with its principal place of business at 18851 NE 29th Avenue, Suite 10005, Aventura, Florida 33180.

## FCOA AND ITS MARKS

6. FCOA is one of the leading providers of insurance services and specialty insurance products in the United States. Today, Foremost is represented by more than 38,000 agents nationwide and offers numerous lines of insurance, including homeowners, automobile, motorcycle, boat, flood, mobile home and business insurance.

7. Foremost Insurance Company was founded in 1952 and began using the trademark FOREMOST in connection with its services. See Exhibit A, Certification of Registration, U.S. Registration 0929339 and an Example of Use (Advertisement).

8. FCOA, LLC owns the entire interest and goodwill to the infringed upon FOREMOST® Marks, including the following registered United States Trademarks (the FOREMOST® Marks at Issue"):

**FOREMOST** (U.S. Registration No. 1,403,411) for insurance agency and underwriting services; administering insurance policies. (First Use: 10/1978). See Exhibit B, Certificate of Registration, U.S. Registration 1,403,411.

**FOREMOST INSURANCE SERVICE CENTER** (U.S. Registration No. 2,894,849) for insurance services, namely, underwriting risk in the fields of property and casualty featuring issuance and administration of policies, claims, and benefits. (First Use: 11/1998). See Exhibit C, Certificate of Registration, U.S. Registration No. 2,894,849.

**FOREMOST** (U.S. Registration No. 2,414,933) for printed materials, namely, informational underwriting guide books, insurance rate charts, and informational buyers guides. (First Use: 07/1952). See Exhibit D, Certificate of Registration, U.S. Registration No. 2,414,933.

**FOREMOST** (U.S. Registration No. 1,900,833) for computerized insurance services, namely, property and casualty insurance underwriting, policy issuance and administration by computer. (First Use: 03/1984). See Exhibit E, Certificate of Registration, U.S. Registration No. 1,900,833.

9.      FCOA, LLC also owns the entire interest and goodwill to many additional FOREMOST® Marks, including, but not limited to, the following registered United States Trademarks:

FOREMOST BASICS (U.S. Registration No. 1,896,463) for insurance services, namely underwriting property and casualty insurance and administration of policies, claims, and benefits. (First Use: 04/1993).

FOREMOST CLASSIC (U.S. Registration No. 3,037,369) for insurance services, namely underwriting risk in the fields of property and casualty, featuring issuance and administration of policies, claims, and benefits. (First Use: 11/1996).

FOREMOST (U.S. Registration No. 2,154,409) for "…computer software, namely, information storage and retrieval software in the field of insurance…" and "printed instructional and teaching materials for computer operation, and for software…in the field of insurance…" (First Use: 03/1984).

FOREMOST (U.S. Registration No. 1,821,706) for "motor vehicle and recreational vehicle roadside emergency services" and "motor vehicle and recreational vehicle towing

services." (First Use: 05/1992).

FOREMOST AUTOLINK (U.S. Registration No. 2,075,734) for insurance services, underwriting risk, issuance and administration of policies, claims and benefits. (First Use: 06/1995).

FIRST AND FOREMOST (U.S. Registration No. 1,936,293) for insurance underwriting and administration services in the field of motor vehicles and recreational vehicles. (First Use: 05/1992).

FOREMOST EXPRESS (U.S. Registration No. 1,911,781) for insurance services, namely underwriting risk; issuance and administration of policies, claims and benefits. (First Use: 04/1994).

FOREMOST MEANS MORE (U.S. Registration No. 5,204,859) for insurance underwriting services in the field of property and casualty; insurance claims processing, insurance claims administration, and insurance agency services; providing information in insurance matters.  (First Use 10/2012)

FOREMOST CHOICE (U.S. Registration No. 5,133,612) for insurance underwriting services in the field of property and casualty; insurance agency services; providing information in insurance matters.  (First use 06/2016)

FOREMOST EDUCATION (U.S. Registration No. 5,149,286) for insurance training services for insurance agents and agencies; business education and training services…providing online training for insurance agents and agencies…training services for insurance agents.  (First use 10/2007)

WHY NOT FOREMOST? (U.S. Registration No. 4,236,833) for insurance underwriting services in the field of property and casualty; insurance claims processing, insurance claims

administration, and insurance agency services; providing information in insurance matters. (First use: 01/2010).

THE FOREMOST INSURANCE GUY (U.S. Registration 4,224,479) for insurance underwriting services in the field of property and casualty insurance; insurance claims processing, insurance claims administration, and insurance agency services; providing information in insurance matters.  (First Use 08/2010).

FOREMOST OUTDOORS (U.S. Registration No. 3,820,713) for insurance services, namely, underwriting in the field of property and casualty, insurance administration, insurance claims administration, and insurance agencies; providing insurance information. (First use: 08/2009).

FOREMOST PAYONLINE (U.S. Registration No. 3,668,651) for bill payment services through a website… (First Use: 09/2007).

GO AHEAD. TAKE FOREMOST HOME. (U.S. Registration No. 3,594,177) for insurance services, namely, underwriting in the field of property and casualty, insurance administration, claims administration, and agency services; and providing information about insurance and underwriting services via the Internet. (First Use: 01/2007).

GO AHEAD. ASK FOR FOREMOST. (U.S. Registration No. 3,618,202) for insurance services, namely, underwriting, insurance administration, claims administration, and agency services; and providing information about insurance and underwriting services via the Internet.  (First Use: 09/2007).

TAKE FOREMOST ALONG FOR THE RIDE. (U.S. Registration No. 3,401,596) for insurance services, namely, underwriting in the field of property and casualty insurance, insurance administration, claims administration, and agency services; and providing

information about insurance and underwriting services via the Internet. (First Use: 01/2004).

FOREMOST EDUCATION ONLINE (U.S. Registration No. 3,337,689) for educational services, namely providing courses, seminars, and online training in the field of insurance. (First Use: 02/2006).

FOREMOSTSTAR (U.S. Registration No. 2,621,938) for insurance services, namely underwriting risk; issuance and administration of policies, claims, and benefits, providing information in the field of insurance via an internet website. (First Use 05/2000).

10. As a result of FCOA's longstanding and extensive use and promotion of its FOREMOST® Marks, these marks represent considerable goodwill and value to FCOA. The result of FCOA's efforts and investment is that consumers have come to know, rely upon, and recognize the services of FCOA by its FOREMOST® Marks at Issue throughout Florida and the United States.

11. The FOREMOST® Marks at Issue are valid and existing and have become incontestable.

12. By virtue of the wide renown acquired by the FOREMOST® Marks at Issue and the commercial success of the FOREMOST® Marks at Issue, they have acquired secondary meaning in the mind of the purchasing public and have become famous and have attained enormous goodwill throughout the United States.

13. Accordingly, by the extensive and continuous use of the FOREMOST® Marks at Issue in interstate commerce, the FOREMOST® Marks at Issue have become, and continue to be, famous and distinctive.

14. Other than Defendant's agency, a search of the licensed insurance entities in

Florida returns ONLY insurers/agencies owned or authorized by FCOA.

### **DEFENDANT'S UNAUTHORIZED USE OF THE FCOA MARKS**

15. On or about November 14, 2016, FCOA discovered that, in violation of its trademark and other rights, Defendant was offering insurance and financial services under the service mark "FOREMOST TITLE & ESCROW" (hereinafter, the "Defendant's Mark" or "Infringing Mark"). The Defendant's Mark is nearly identical to the FOREMOST® Marks at Issue.

16. Defendant advertises and promotes Defendant's Mark, by among other things, publishing brochures and materials on its own website hosted at the domain <fortitle.net>.

17. Defendant was issued a license as a title insurance agency by the Florida Department of Financial Services on October 13, 2015. The license allows Defendant to offer title insurance agency services throughout the entire State of Florida.

18. Defendant is not authorized by FCOA to use the Infringing Mark in connection with its business or otherwise, and Defendant does not own a license from FCOA for use of any of the FOREMOST® Marks.

19. Defendant is offering its Infringing Mark, which services are highly similar to the type of services offered by FCOA, using a virtually identical trademark as that owned and federally registered by FCOA.

20. Consumers are likely being misled into believing that the service bearing the Infringing Mark are sponsored by, affiliated with, or otherwise connected to the services offered by FCOA under the FOREMOST® Marks at Issue, when they are not.

21. Defendant is the owner of a registered Florida trademark for Foremost Title

& Escrow, Florida Registration No. L15000113455, Florida Trademark No. T16000000599, filed on June 27, 2016.  Defendant alleges in the Florida registration that the Infringing Mark was used for the first time in commerce on June 30, 2015.  See Exhibit F.

22.     In its application for registration, the Defendant filed a disclaimer statement, expressly disclaiming the exclusive right to use of the terms "Title & Escrow" apart from the Defendant's Mark.

23.     On December 15, 2016, shortly after learning of the infringing use counsel for FCOA sent Defendant a cease and desist letter detailing FCOA's rights and demanding that Defendant stop using the Infringing Mark in connection with the Defendant's services. Defendant refused to comply with FCOA's demands.  A copy of the cease and desist letter and Defendant's response to same is attached as Exhibit G and Exhibit H.

24.     Despite receiving actual notice of FCOA's rights with respect to the FOREMOST® Marks, Defendant continues to advertise and promote the Infringing Mark and services to consumers on the same channels of trade as those used by FCOA, and they continue to infringe FCOA's rights in the FOREMOST® Marks at Issue.

25.     Defendant has engaged in a deliberate course of conduct to deceive consumers into believing that their Infringing Mark and services are connected or affiliated with FCOA, and they continue to trade on FCOA's enormous goodwill and to injure FCOA.

26.     The FOREMOST® Marks at Issue are valid and subsisting and have been continuously used in commerce since the respective first use dates of October of 1978, November of 1998, July of 1952 and March of 1984.

27.     It is undisputed that the FOREMOST® Marks at Issue have priority right over Defendant's Mark, which was first used on June 30, 2015.

28.     The difference in sound, appearance and overall commercial impression between the FOREMOST® Marks at Issue (FOREMOST and FOREMOST INSURANCE SERVICE CENTER) and Defendant's Mark (FOREMOST TITLE & ESCROW) are minimal.  The distinctive portion of the Defendant's Mark is the term "FOREMOST," as Defendant itself has filed a disclaimer over the terms "Title & Escrow."  Thus, the Defendant's Mark is nearly identical to the FOREMOST® Marks at Issue.

29.     Given Defendant's use of a virtually identical mark on highly similar types of services (both Defendant and Plaintiff are listed as "Licensees" for insurance agency services within the State of Florida by the Florida Department of Financial Services)  that will be marketed to the same (or potentially the same) consumers through the same channels of trade, there can be no question that consumers are likely to be confused or deceived into believing that Defendant's services emanate from or are otherwise associated with FCOA.  The resulting confusion and dilution will irreparably harm FCOA's acquired goodwill and reputation in the marketplace and will otherwise damage FCOA's business interests.

30.     FCOA has engaged Pennington, P.A. to prosecute this action and is obligated to pay the firm a reasonable fee for its services.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement Under 15 U.S.C. §§1114 and 1116)**

31.     FCOA incorporates the allegations in Paragraphs 1 through 28 as if fully set forth herein.

32.     By its unauthorized use of a mark that is nearly identical or highly similar to

FCOA's FOREMOST® Marks at Issue, Defendant is trading on FCOA's registered FOREMOST® Marks at Issue and misappropriating the goodwill and reputation which has attached to the Infringing Mark.

33. Defendant's unauthorized use of FCOA's FOREMOST® Marks at Issue has confused, and will likely continue to confuse customers into erroneously believing that Defendant and its Infringing Mark and services are associated with and/or authorized by FCOA.

34. The acts and conduct of Defendant complained of herein constitute willful and deliberate infringement of FCOA's FOREMOST® Marks, in violation of Section 32 of the Lanham Act, 15 U.S.C. §§1114 and 1116.

35. By reason of all the foregoing, FCOA is being irreparably damaged by Defendant's willful, unauthorized use of the Infringing Mark in the manner set forth above and will continue to be damaged unless the Defendant is enjoined from using FCOA's registered FOREMOST® Marks at Issue or any colorable imitation thereof.

36. FCOA is entitled to injunctive relief under 15 U.S.C. §1116(a) as there is no adequate remedy at law to fully redress Defendant's illegal conduct.

37. In addition to injunctive relief, FCOA is entitled to all damages it has sustained in the amount to be determined at trial including but not limited to three times Defendant's profits and gains as a result of its unfair competition described above, attorney's fees and costs of this action.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. §1125(a))**

38. FCOA incorporates the allegations in Paragraphs 1 through 35 as if fully set

forth herein.

39. FCOA owns all right, title and interest in and to the FOREMOST® Marks at Issue and holds the exclusive rights to market and sell insurance services bearing the FOREMOST® Marks.

40. The FOREMOST® Marks at Issue have achieved secondary meaning, associating it in the minds of the purchasing public with FCOA and its services.

41. Defendant's conduct as alleged herein, including its use of the Infringing Mark for the infringing services, constitutes a false designation of origin as such conduct is likely to cause confusion or to deceive consumers as to the origin, sponsorship, affiliation, connection and/or association of FCOA or the FOREMOST® Marks at Issue, with Defendant and its Infringing Mark and services.

42. The Infringing Mark is calculated and intended to deceive and are likely to deceive consumers into believing that they are purchasing FCOA's services. The Infringing Mark, which bears an almost exact imitation of FCOA's federally registered FOREMOST® Marks at Issue, do not originate from or have the approval or authorization of FCOA.

43. The foregoing acts of the Defendant constitutes unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

44. FCOA has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount not yet determined or ascertainable.

45. Upon information and belief, Defendant has obtained gains, profits and advantages because of its wrongful acts in an amount not yet determined or ascertainable.

**THIRD CLAIM FOR RELIEF**

**(Dilution Under 15 U.S.C. §1125(c))**

46. FCOA incorporates the allegations in Paragraphs 1 through 43 as if fully set forth herein.

47. FCOA's FOREMOST® Marks at Issue are famous marks within the meaning of 15 U.S.C. §1125(c)(1) and was a famous mark prior to Defendant's conduct complained of herein.

48. FCOA'S FOREMOST® Marks at Issue are famous by virtue of the substantial inherent and acquired distinctiveness thereto, FCOA's extensive use, advertising and publicity of the FOREMOST® Marks that has resulted in strong and widespread recognition of the FOREMOST® Marks.

49. Defendant's use of the Infringing Mark on and in connection with the marketing and sale of the infringing services dilutes the strength and distinctive quality of FCOA's famous FOREMOST® Marks at Issue and lessens the capacity of that trademark to identify and distinguish FCOA's services.

50. The acts and conduct complained of herein constitute willful and deliberate dilution of FCOA's FOREMOST® Marks at Issue.

51. The foregoing acts of Defendant constitute a violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

52. FCOA has no adequate remedy at law and is suffering irreparable harm and damage because of the aforesaid acts of Defendant in an amount not yet determined or ascertainable.

53. Upon information and belief, Defendant has obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

54. FCOA incorporates the allegations in Paragraphs 1 through 51 as if fully set forth herein.

55. FCOA has expended substantial time, resources and effort to develop and obtain an excellent reputation and goodwill for itself, its merchandise and the FOREMOST® Marks at Issue.

56. Defendant has knowingly and willfully adopted a mark that is substantially similar to FCOA's FOREMOST® Marks at Issue in an effort to falsely create the impression that the Infringing Mark and services are sanctioned by FCOA and in order to take for itself all of the goodwill associated with FCOA and the FOREMOST® Marks at Issue. Defendant's unlawful acts in appropriating rights in FCOA's FOREMOST® Marks at Issue were intended to capitalize on FCOA's goodwill for Defendant's own pecuniary gain.

57. The Infringing Mark and services being offered by Defendant are calculated to and are likely to create confusion and to deceive or mislead consumers into believing that such services originated with or is authorized by FCOA, and has caused and is likely to cause confusion as to the source of Defendant's services, all to the detriment of FCOA.

58. Defendant's acts as alleged above constitute unfair competition under the common law of the State of Florida and will, unless enjoined by this Court, result in the destruction and/or diversion of FCOA's goodwill and its FOREMOST® Marks at Issue, and the unjust enrichment of Defendant.

60. Upon information and belief, the Defendant committed the acts alleged herein intentionally, deliberately, fraudulently, maliciously, willfully, wantonly and oppressively

with the intent to confuse the public and to injure FCOA.

61. FCOA has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount not yet determined or ascertainable.

62. Upon information and belief, Defendant has obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable.

### FIFTH CLAIM FOR RELIEF

### (Antidilution Under Fla. Stat. §495.151)

63. FCOA incorporates the allegations in Paragraphs 1 through 59 as if fully set forth herein.

64. FCOA is the sole owner of the Plaintiff's trademarks listed herein. FCOA began using the FOREMOST® Marks at Issue in connection with insurance services within the State of Florida in 1954. FCOA continues to use the FOREMOST® Marks at Issue in commerce in Florida interstate commerce.

65. FCOA'S FOREMOST® Marks at Issue are famous within the State of Florida by virtue of the substantial inherent and acquired distinctiveness thereto, FCOA's extensive use, advertising and publicity of the FOREMOST® Marks that has resulted in strong and widespread recognition of the FOREMOST® Marks at Issue, especially in the niche market of specialty insurance.

66. Foremost Title's willful and deliberate actions described above have caused and will continue to cause injury to the Plaintiff's business reputation and dilution of the distinctive quality of the Plaintiff's trademarks as defined in Fla. Stat. §495.151.

67. As a direct and proximate result of Defendant Foremost Title's conduct, the

Plaintiff has suffered damage to its valuable trademarks, and other damages, in an amount to be determined at trial.

68. Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendant Foremost Title's actions unless the Court enjoins Defendant Foremost Title from such practices.

**PRAYER FOR RELIEF**

WHEREFORE, FCOA demands judgment against the Defendant as follows:

1. Ordering that Defendant and its parents, subsidiaries, affiliated companies, officers, agents, directors, employees, shareholders and attorneys and all those persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, be temporarily and permanently restrained and enjoined from:

   a. Further infringing FCOA's FOREMOST® Marks at Issue, and from selling, marketing, offering for sale, advertising, or promoting any services bearing any simulation, reproduction, copy or colorable imitation of FCOA's FOREMOST® Marks at Issue;

   b. Using any simulation, reproduction, copy or colorable imitation of FCOA's FOREMOST® Marks at Issue in connection with the promotion, advertisement, sale, or offering for sale of insurance services;

   c. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services sold or offered for sale

        by Defendant are in any manner associated or connected with FCOA, or are sold, licensed, sponsored, approved or authorized by FCOA;

   d.    Using any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to FCOA or its FOREMOST® Marks at Issue, by using FCOA's registered FOREMOST® Marks at Issue without the authorization of FCOA;

   e.    Engaging in any other activity constituting unfair competition with FCOA, or constituting an infringement of the FOREMOST® Marks at Issue, or of FCOA's rights in, or to use or to exploit the FOREMOST® Marks at Issue; or

   f.    Diluting the distinctive quality of the FORMOST® Marks at Issue owned by FCOA.

2.    Directing that Defendants deliver for destruction all goods, products, signs, labels, brochures, advertising, promotional material, prints, packages, dyes, wrappers, receptacles and advertisements in its possession or under its control bearing the FCOA's FOREMOST® Marks at Issue, or any simulation, reproduction, copy or colorable imitation thereof.

3.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the Infringing Services sold and promoted by Defendant are authorized by FCOA or related in any way to FCOA's services.

4. Canceling Defendant's Florida Trademark Registration, Registration No. T16000000599, for the Defendant's Mark pursuant to Fla. Stat. §495.101(3)(d), (f) and (4).

5. Directing that an accounting and judgment be rendered against Defendant for:

    a. All profits received by Defendant from the sale of the Infringing Services;

    b. All profits received by Defendant and all actual damages sustained by FCOA on account of Defendant's trademark infringement and unfair competition; and

    c. Treble damages resulting from the acts alleged herein.

6. Awarding FCOA its costs in this action together with reasonable attorneys' fees and expenses as provided for by 15 U.S.C. §1117.

7. Directing that the Court retain jurisdiction of this action for the purpose of enabling FCOA to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

8. Awarding to FCOA such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

FCOA demands a trial by jury of all issues so triable.

Dated: October 4, 2017.

By: */s/Adrienne C. Love*
Adrienne C. Love
Florida Bar No. 21835
J. Wiley Horton
Florida Bar No. 59242
**PENNINGTON, P.A.**
215 South Monroe Street, 2nd Floor
Tallahassee, FL 32301
Telephone: (850) 222-3533
Facsimile: (850) 222-2126
adrienne@penningtonlaw.com
wiley@penningtonlaw.com
Attorneys for Plaintiff

## VERIFICATION

STATE OF MICHIGAN      )
                       )
COUNTY OF KENT         )

Jeffrey L. Pepper, Assistant Vice President and Treasurer of Plaintiff, FCOA, LLC, being duly sworn upon oath, deposes and says as follows: (a) I am authorized to execute the foregoing Verified Complaint on behalf of FCOA, LLC; (b) I have read the foregoing Verified Complaint; and (c) the factual allegations contained herein are true and correct to the best of my knowledge, information, and belief based either on my personal knowledge or based upon facts assembled by authorized employees or others acting under my direction and control and relayed to me.

Signed: *[signature]*

**Printed:**   **Jeffrey L. Pepper**

SWORN TO AND SUBSCRIBED in my presence on this the 12 day of September, 2017, by Jeffrey L. Pepper who is personally known to me or who produced sufficient identification.

*[signature]*

Terri McLaughlin

Notary Pulbic

My commission expires: 12-22-18

TERRI LEE MCLAUGHLIN
Notary Public
Allegan County, Michigan
My Commission Expires: 12/22/2018